Filed 1/29/15  In re G.L. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re G.L. et al., Persons Coming Under the Juvenile Court Law. | B254731<br><br>(Los Angeles County<br>Super. Ct. No. DK02870) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUCIO L.,<br><br>    Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Julie Blackshaw, Judge.  Affirmed.

Jesse F. Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minors.

* * * * * *

Can a juvenile court's finding that a father sexually molested his daughter provide substantial evidence for removing his younger son from his custody and for refusing unmonitored overnight visits for the younger son and his twin sister? On the facts of this case, we conclude that it can, and affirm the juvenile court's jurisdictional and dispositional orders.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2013, Lucio L. (father) got into a heated argument with his 16-year-old daughter, G.L., after she threatened to burn down their house. G.L. later told her high school principal that father hit her during the incident. She also reported that he had sexually molested her twice before: (1) by inserting his finger in her vagina when she was between three and five years old; and (2) by putting his hand down her panties while she slept beside him when she was 12 years old.

The Los Angeles County Department of Children and Family Services (Department) filed a petition against father and Amparo C. (mother) as to G.L. as well as to G.L.'s then-14-year-old fraternal twin siblings, E.L. (son) and E.L. (daughter).[1] The petition asserted jurisdiction and sought removal on the grounds of serious physical harm (Welf. & Inst. Code,[2] § 300, subd. (a)); failure to protect (§ 300, subd. (b)); sexual abuse (§ 300, subd. (d)); and abuse of a sibling (§ 300, subd. (j)).

The juvenile court detained all three children, and later held an evidentiary hearing as to whether they should be removed. Following that hearing, the court determined that G.L. was the aggressor in the November 2013 incident, but found G.L.'s testimony as to two sexual molestation incidents to be credible and the first incident to have been corroborated by G.L.'s maternal aunt's testimony. The court sustained the petition under

---

[1]     For clarity, we will refer to the children who are the subject of this appeal in this manner because of the similarity of their names.

[2]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

section 300, subdivisions (b), (d), and (j).  The court removed all three children from father's custody and placed them with mother; father was allowed to have monitored visits with G.L. in a therapeutic setting, and allowed to have unmonitored day visits with son and daughter.

Father timely appealed.

## DISCUSSION

### I.    Jurisdictional finding

Before a juvenile court may assert jurisdiction of a child, at least one statutorily enumerated ground for jurisdiction must be established by a preponderance of the evidence.  (§§ 355, 300.)  The juvenile court relied upon three of those grounds in this case:  (1) the child "has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child" (§ 300, subd. (b)(1)); (2) the child "has been sexually abused, or there is a substantial risk that the child will be sexually abused, as defined in Section 11165.1 of the Penal Code, by his or her parent or guardian . . ." (§ 300, subd. (d)); and (3) "the child's sibling has been abused or neglected as defined in subdivision[s]" (b) or (d) "and there is substantial risk that the child will be abused or neglected, as defined in those subdivisions" (§ 300, subd. (j)).

Father argues that the juvenile court's findings of jurisdiction under each of these three grounds is not supported by substantial evidence.  In reviewing the court's findings, we review the record in the light most favorable to the court's determinations, drawing all inferences to support those determinations and deferring to all assessments of credibility. (*In re I.J.* (2013) 56 Cal.4th 766, 773 (*In re I.J.*).)

In this case, we affirm the juvenile court's jurisdictional findings for two reasons. First, father limits his jurisdictional challenge to son; he has no quarrel with the assertion of jurisdiction over G.L. or daughter.  Because a juvenile court's jurisdiction is valid as to all children if valid as to one (*Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 72), the court's unchallenged jurisdiction as to G.L. and daughter establishes jurisdiction as to

3

son as well.

Second, father's substantial evidence challenges to each of the three grounds for jurisdiction are without merit.

As to section 300, subdivision (b), father asserts that son is not at "substantial risk of harm" because father has yet to touch son or his other male sons inappropriately and because father's proclivity for molestation reaches only females, not males. (Father classifies these arguments as challenges to the trial court's section 300, subdivision (d) finding, but their substance is directed more toward the court's subdivision (b) finding.) Father's first argument is unhelpful because courts need not wait for harm to materialize; a substantial risk of harm is enough. (*In re R.V.* (2012) 208 Cal.App.4th 837, 843 ["[t]he court need not wait until a child is seriously abused or injured to assume jurisdiction . . ."].) Father's second argument contravenes the weight of authority, which "overwhelmingly hold[s] that sexual abuse of one child may constitute substantial evidence of a risk to another child in the household—even to a sibling of a different sex or age or to a half sibling." (*L.A. County Dept. of Children & Family Servs. v. Superior Court* (2013) 215 Cal.App.4th 962, 968; see also *In re I.J.*, *supra*, 56 Cal.4th at p. 778; *In re P.A.* (2006) 144 Cal.App.4th 1339, 1344-1347; *In re Karen R.* (2001) 95 Cal.App.4th 84, 90-91; *In re Ricky T.* (2013) 214 Cal.App.4th 515, 523.) The courts have so held because molestation of *any* child constitutes behavior that is "'so sexually aberrant'" that all children in the household are at risk of becoming victims of that behavior (*In re Ana C.* (2012) 204 Cal.App.4th 1317, 1331; *In re P.A.*, at pp. 1346-1347; *In re Karen R.*, at pp. 90-91; *In re Ricky T.*, at p. 523; cf. *In re B.T.* (2011) 193 Cal.App.4th 685, 694-695 [consensual sex acts with 15 year old not indicative of risk of molestation to younger children]), and because the unmolested children can be "harmed by the knowledge that a parent has so abused the trust" of the molested sibling (*In re Karen R.*, at p. 90).

The soundness of this consensus is reinforced by section 355.1, which erects a presumption of risk to all children whenever a parent or guardian has a prior conviction for "sexual abuse." (§ 355.1, subd. (d); *In re I.J.*, *supra*, 56 Cal.4th at p. 779 [so noting].)

4

Father argues that the rebuttable nature of the section 355.1 presumption means that sexual abuse of one sibling is not enough, by itself, to be conclusive. However, sexual abuse of one sibling can present a substantial risk to the other siblings when the parent has access to those siblings and they are near "the age at which the [sibling] was abused." (*In re P.A.*, *supra*, 144 Cal.App.4th at p. 1347.) Here, father would have access to son, when he was just two years older than G.L.'s age at the time of the second molestation. Father contends that the trial court relied solely upon the initial molestation incident, but the trial court's oral ruling is to the contrary. In sum, "'the danger of sexual abuse of a female sibling . . . may be greater than the danger of sexual abuse of a male sibling,'" but "'the danger of sexual abuse to the male sibling is nonetheless still substantial.'" (*In re I.J.*, at p. 780, quoting *In re Karen R.*, *supra*, 95 Cal.App.4th at p. 91.)

As to section 300, subdivision (d), father argues that he did not commit "sexual abuse" within the meaning of Penal Code section 11165.1 because he did not molest G.L. in son's presence. Section 11165.1 defines "sexual abuse" to include child molestation or annoyance as defined in Penal Code section 647.6 (Pen. Code, § 11165.1, subd. (a)), which encompasses causing a child to witness sexual abuse of another child or to witness the aftermath of that abuse. (*In re Karen R.*, *supra*, 95 Cal.App.4th at p. 90.) In this case, G.L. testified that the second molestation incident occurred while she was in bed with father, mother, son and other family members. Thus, son was not only a witness to the toxic interactions between father and G.L. that followed the molestations, but was also a potential witness to one of the molestations. The brazenness of father's sexual abuse weighs in favor of finding jurisdiction under this subdivision. (Accord, *In re Ricky T.*, *supra*, 214 Cal.App.4th at p. 517.)

As to section 300, subdivision (j), father contends that his molestation of G.L. was "not prolonged or egregious," rendering it insufficient to sustain a finding that son was at substantial risk of similar abuse. Section 300, subdivision (j) looks to a number of factors in assessing risk to non-abused siblings, including (1) "the circumstances surrounding the abuse or neglect of the sibling," (2) "the age and gender of each child," (3) "the nature of

the abuse or neglect of the sibling," (4) "the mental condition of the parent or guardian," and (5) any other probative fact. (§ 300, subd. (j).) These factors can be distilled into the maxim that "the more severe the type of sibling abuse, the lower the required probability of the child's experiencing such abuse to conclude the child is at a substantial risk of abuse or neglect . . ." (*In re I.J.*, *supra*, 56 Cal.4th at p. 778.) To begin, father's two molestation incidents against G.L. place son at substantial risk of harm for the reasons detailed above with respect to subdivision (b). Weighing the relative egregiousness of father's molestation of G.L. vis-a-vis the sexual abuse committed against other children in other cases is accordingly unnecessary; such weighing would also be futile, as the juvenile court had ample evidence before it to conclude that father's acts, including those with other family members present, were sufficiently egregious to support its assertion of jurisdiction.

## II. Dispositional order

Father also challenges the trial court's order not allowing him to have overnight visits with son and daughter. Father claims that there was not substantial evidence to support a finding of risk to them by clear and convincing evidence, as evidenced by the juvenile court's willingness to allow unmonitored visits. This argument rests on the mistaken premise that the substantial evidence standard of review varies based on the burden of proof in the trial court (preponderance of the evidence rather than clear and convincing evidence). It does not; instead, the burden of proof drops out of the analytical equation during substantial evidence review. (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) Our conclusion that substantial evidence supported the juvenile court's jurisdictional finding consequently applies with equal force to its dispositional findings. Moreover, the court's decision to allow unmonitored day visits is consistent with its findings of substantial risk. The juvenile court's decision to acknowledge the lesser risk of molestation faced by son and daughter by allowing unmonitored day visits does not thereby obligate the court to ignore that risk completely by allowing unmonitored, overnight visits.

6

**DISPOSITION**

The findings and orders of the juvenile court are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ